UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MIA FERRARIO,<br><br>                    Plaintiff,<br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY,<br><br>                    Defendant. | Case No.: 2:24-cv-01261-GMN-EJY<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING PARTIAL MOTION TO DISMISS** |

Pending before the Court is the Partial Motion to Dismiss, (ECF No. 6), filed by Defendant USAA Casualty Insurance Company. Plaintiff Mia Ferrario filed a Response, (ECF No. 13), to which Defendant filed a Reply, (ECF No. 16). Also pending before the Court is the Motion to Remand, (ECF No. 11), filed by Plaintiff. Defendant filed a Response, (ECF No. 18), to which Plaintiff filed a Reply, (ECF No. 19).

Because the record currently before the Court demonstrates that complete diversity exists between the parties, the Court **DENIES** Plaintiff's Motion to Remand. The Court further **GRANTS** Defendant's Motion to Dismiss Plaintiff's bad faith claim for failure to allege sufficient facts.

I.      **BACKGROUND**

Plaintiff suffered injuries when her vehicle was struck by a non-party driver. (*See generally* Compl., ECF No. 1-1). Plaintiff was insured by Defendant USAA Casualty Insurance Company, and her coverage included benefits for compensation resulting from injuries caused by underinsured motorists. (*Id.*). The insurers of the two non-party tortfeasors paid Plaintiff, but she alleges that these payments were insufficient to fully compensate her for her injuries. (*Id.* ¶¶ 17–18, 23–24).

Plaintiff provided Defendant with her medical records and requested underinsured motorist and medical payment policy benefits. (*Id.* ¶¶ 20–21). She presented total medical expenses of $44,480.89 and noted a future surgical recommendation from her treating physician. (*Id.* ¶¶ 22, 28). Defendant subsequently valued her underinsured motorist claims at $100,000, and Plaintiff alleges that Defendant failed to tender UIM benefits owed to her. (*Id.* ¶¶ 25, 31). Plaintiff brings causes of action for Breach of Contract and "Breach of the Covenant of Good Faith/Insurance Bad Faith." (*Id.* ¶¶ 7–33). She now moves to remand to state court, and Defendant moves to dismiss her bad faith claim.

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

### III.  DISCUSSION

Because the Court must have jurisdiction to decide the pending Motion to Dismiss, it will first address Plaintiff's argument that this case should be remanded for lack of complete diversity between the parties.

**A. Motion to Remand**

Plaintiff is a citizen of Nevada, and Defendant USAA Casualty Insurance Company is a Texas corporation with its principal place of business in Texas. (Compl. ¶¶ 1–2, Ex. 1 to Pet. Removal); (Cert. Interested Parties, ECF No. 2). Although there appears to be complete diversity between the Plaintiff and Defendant USAA Casualty Insurance Company, Plaintiff argues that the case should be remanded because in USAA Casualty Insurance Company's Certificate of Interested Parties, it states that it is a wholly-owned subsidiary of United States Automobile Association, ("USAA"). (*See generally* Mot. Remand, ECF No. 11); (Reply Mot. Remand 2:7–20, ECF No. 19). Defendant's parent company USAA is an unincorporated association insurance exchange, and thus it is a citizen of every state in which it has members. *See California Auto. Ins. Co. v. Basscraft Mfg. Co.*, No. CV 5:19-2259-MWF-SHK, 2020 WL 730851, at *4 (C.D. Cal. Feb. 13, 2020) (collecting cases that have held USAA's citizenship for diversity purposes is determined on the citizenship of each its members). Thus, if USAA's citizenship is properly imputed to its subsidiary USAA Casualty Insurance Company, diversity would be destroyed because USAA has members in the state of Nevada. (Mot. Remand 8:16–21).

"In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement" to "identify the citizenship of every individual or entity whose citizenship is attributed to party." Fed. R. Civ. P. 7.1(a)(2).[1] The Advisory Committee's Notes to Rule 7.1 provide insight into when attributed citizenship may apply. Initially, the notes explain that the citizenship disclosure exists to help judges determine whether complete diversity of citizenship exists. The Notes clarify that a corporation's disclosure is "straightforward," because its citizenship is its place of incorporation and principal place of business. *See* U.S.C §1332(c)(2). Unincorporated associations, however, assume the citizenship of each of their members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

In her Reply brief, Plaintiff cites a case from the Eastern District of California for the proposition that a corporation wholly owned by an LLC or a reciprocal inter-insurance exchange is a citizen of every state of which its owners or members are citizens. (Reply 3:13–21) (citing *Yong In v. BMW of N. Am., LLC*, No. 1:18-CV-1267 AWI-JLT, 2018 WL 6040764, at *1 (E.D. Cal. Nov. 19, 2018)). But the case the does not stand for that proposition. The *BMW* court was simply iterating the defendant's argument that LLCs are citizens of every state of which its owners or members are citizens, and the defendant in that case was an LLC. Unlike here, where the Defendant is a corporation, the defendant in *BMW* was an LLC wholly owned by a corporation parent company. The Court therefore does not find this cited order's reasoning to be applicable.

Generally, in a suit involving a subsidiary corporation, the court looks to the state of incorporation and principal place of business of the subsidiary, not the parent. *Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 775 (9th Cir. 1992). However, it is possible for a

---

[1] Defendant's Certificate of Interested Parties asserts that USAA CIC is a Texas Corporation, but does not affirmatively state its citizenship. The Court therefore STRIKES the Certificate and grants Defendant two weeks to refile.

Page 4 of 7

corporation defendant to take on the citizenship of its parent company if the subsidiary is an alter ego of the parent company. *Id.* "Under these circumstances, courts view the formal separateness between the two corporations as merely a legal fiction." *Id.*

At this point, Plaintiff has not made the argument that USAA Casualty Insurance Company is an alter ego of USAA. To the extent that Plaintiff wishes to determine whether Defendant is in fact operating as an alter ego, she may pursue jurisdictional discovery and file a separate motion to remand in the future. Accordingly, because Defendant has carried its burden of establishing subject matter jurisdiction over this case, Plaintiff's Motion to Remand is DENIED.

**B. Motion to Dismiss**

Next, Defendant moves to dismiss Plaintiff's claim for breach of the implied covenant of good faith for failure to allege sufficient supporting facts. (Mot. Dismiss 6:12–11:13). Plaintiff alleges that Defendant breached its duty of good faith and fair dealing "when it chose not to evaluate Plaintiff's claims reasonably and in good faith." (Compl. ¶ 30, Ex. 1 to Pet. Removal). She further contends that Defendant breached its "special relation duty," constituting the tort of insurance bad faith, "when it chose not to reasonably, properly, fairly, and timely evaluate and tender reasonable underinsured motorist policy benefits and medical payments benefits." (*Id.* ¶ 31).

The implied covenant of good faith and fair dealing arises out of every contractual relationship and "prohibits arbitrary or unfair acts by one party that work to the disadvantage of the other." *Nelson v. Heer*, 163 P.3d 420, 427 (Nev. 2007). When a special relationship exists between an insurer and its insured—akin to a fiduciary relationship—the relationship can create tort liability. *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 325–26 (Nev. 2009). To state a claim for tortious breach of the implied covenant, the insured must plausibly allege that: (1) an insurer denied a claim; (2) without any reasonable basis; and (3) with the knowledge or reckless

disregard of any reasonable basis to deny coverage. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). That is, bad faith requires an insurer's denial of benefits to be both objectively and subjectively unreasonable. *See Rivas v. Gov't Employees Ins. Co.*, No. 2:20-cv-306, 2020 WL 3128596, at *2 (D. Nev. June 12, 2020).

Plaintiff's bad faith claim is a mere recitation of the elements, supported with vague conclusions that Defendant chose not to fairly and timely evaluate her claims. The only factual allegations that could support her claim are that she presented total medical expenses in the amount of $44,480.89, her physician recommended a future surgery, and Defendant valued her UIM claims at $100,000. (Compl. ¶¶ 22, 25, 28).[2] These facts can lead the court to infer the existence of a dispute as to the value of Plaintiff's claim, but a dispute as to value is not enough on its own to support a cause of action for bad faith. *See Plaza v. Geico Direct*, 430 F. Supp. 3d 689, 692 (D. Nev. 2020); *Yoon v. Travelers Indem. Co.*, No. 2:20-cv-1507-JCM-EJY, 2021 WL 1968279, at *3 (D. Nev. May 17, 2021). Plaintiff does not state whether Defendant's valuation claim was accompanied by an explanation for its evaluation. She also fails to allege facts to support her conclusion that Defendant's valuation of $100,000 was knowingly unreasonable and that Defendant lacked a reasonable basis to come to that valuation. Thus, the Court GRANTS Defendant's Motion to Dismiss Plaintiff's bad faith claim and associated request for punitive damages. But because Plaintiff may be able to cure the noted deficiency with additional factual allegations, the claim is dismissed with leave to amend.

---

[2] Plaintiff's Response contains a few additional background facts, such as the fact that her UIM demand totaled $290,000.00 and included ongoing physical and mental impairments, but such facts were not alleged in her Complaint and cannot now remedy the deficiencies identified in this Order. (Resp. to Mot. Dismiss, 3:17–26). Plaintiff's Response further explains that USAA first evaluated her claim at $83,750.00 and eventually increased it to $100,000, but this dispute in value determination provides no additional support for Defendant's bad faith. (*Id.* 4:1–8). Plaintiff still does not provide facts to explain why $100,000 is objectively and subjectively unreasonable.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 6), is **GRANTED.** Plaintiff's second claim for tortious breach of the implied covenant of good faith and fair dealing is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Certificate of Interested Parties, (ECF No. 2), is **STRICKEN** for failure to affirmatively state the citizenship of Defendant USAA Casualty Insurance Company. The Court GRANTS Defendant two weeks from the date of this Order to refile its Certificate of Interested Parties.

**DATED** this __21__ day of October, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT